UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 4:16-cr-00004-001-TRM-MJD |
| v. | ) |
| | ) |
| STEVEN DEWAYNE RIDNER | ) |

## **MEMORANDUM AND ORDER**

STEVEN DEWAYNE RIDNER ("Defendant") came before the Court for an initial appearance on February 14, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 39].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Christopher Meadows of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Raven Austin explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing, but requested a detention hearing. At counsel's request, the detention hearing was scheduled on February 18, 2025.

At the detention hearing, the Government relied upon the allegations in the Petition [Doc. 39] and the testimony of Probation Officer Tiffany Collins. In response, Attorney Meadows proffered evidence on behalf of Defendant. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition recites two conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition:** Defendant shall not commit another federal, state, or local

crime.

- **Mandatory Condition:** Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Probation Officer Collins testified that Defendant has done well on supervised release and has, for the most part, complied with the conditions of supervision. However, on January 5, 2025, Officer Collins was alerted through NCIC that Defendant had contact with a Coffee County Sheriff's Officer. Defendant was charged with Aggravated Assault and Theft of Property as a result of an altercation with a male victim who accused Defendant of taking $500.00 and stabbing the victim in the left side of his face with a knife. During the hearing, the Court learned that the victim is currently incarcerated, and the General Sessions Court of Coffee County released Defendant on his own recognizance. Defendant's counsel argued plausibly that the victim's credibility had been called into question, and that there is a strong likelihood that the criminal charges against Defendant will be dismissed for lack of evidence. AUSA Austin represented to the Court that, as a result of her experience in the state criminal court system, she thought it likely that Defendant would not be prosecuted on these charges, and she did not object to keeping him out of custody so that he would be available to clear up the charges against him in Coffee County.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community, and by a preponderance of the evidence that he is not a risk of flight. Consequently, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the Honorable Chief United States District Judge Travis R. McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before Chief Judge McDonough.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **DENIED.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE